# IN THE UNITED STATES DISTRICT COURT
# FOR THE WESTERN DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| STEVEN MYKEL BAILEY, | ) | |
| | ) | Civil Action No. 11 – 1020 |
| Petitioner, | ) | |
| | ) | |
| v. | ) | Chief Magistrate Judge Lisa Pupo Lenihan |
| | ) | |
| ROBERT B. STEWART, *et al.*, | ) | |
| | ) | |
| Respondents. | ) | |
| | ) | |

## ORDER

Steven Mykel Bailey ("Petitioner") initiated the instant habeas corpus proceeding on July 26, 2011. In his habeas petition, he noted that he had filed a second *pro se* petition pursuant to Pennsylvania's Post Conviction Relief Act ("PCRA"), which was still pending before the Allegheny County Court of Common Pleas. In that petition, Petitioner alleged that Mark Brown, one of the witnesses who testified during the Commonwealth's case-in-chief at trial, wished to recant his testimony. *See* ECF No. 11-1 at 1-21. Respondents filed their answer to Petitioner's habeas petition on September 27, 2011, and in it they acknowledged that a second *pro se* PCRA petition had been docketed in the state court on April 19, 2011. Because of this, the undersigned ordered Respondents to submit a status update concerning the second *pro se* PCRA petition. Respondents inquired about the second *pro se* PCRA petition and were told that counsel would be appointed to represent Petitioner in connection with his second PCRA petition and that new counsel will be ordered to either amend the petition or file a no merit letter. (ECF No. 11.) Respondents submit that the second PCRA petition currently pending before the state court is

irrelevant to these proceedings because Petitioner did not raise any claims in his habeas petition related to witness Mark Brown wishing to recant his testimony. Id. Therefore, they appear to argue that this case should proceed as normal.

Although Petitioner did not include any claims in his habeas petition related to witness Mark Brown wishing to recant his testimony, Petitioner is hereby advised that if this habeas case proceeds as normal and is eventually dismissed with prejudice, then he will have to seek permission from the Third Circuit Court of Appeals to file a second or successive habeas petition if he wants to seek habeas relief on any of the claims he is now presenting in his second PCRA petition pending before the state court. See 28 U.S.C. § 2244(b)(3)(A). Petitioner should also be aware that the Third Circuit Court of Appeals will authorize the filing of a second or successive habeas petition only if certain requirements are met. These requirements are found in 28 U.S.C. § 2244((b)(2)(A)&(B).

Alternatively, the Court has the discretion to stay this habeas proceeding until such time Petitioner has concluded his second PCRA proceeding in the state courts. In that case, once Petitioner's second PCRA proceedings have concluded, he can move to reopen this habeas proceeding and amend his petition to include any of the claims that he is currently litigating in state court so long as they have been properly exhausted. As such,

**IT IS HEREBY ORDERED** that, within fourteen (14) days from the date of this Order, Petitioner shall either inform the Court as to whether he wishes to continue with this habeas proceeding or file a motion to stay this habeas proceeding until such time his second PCRA proceedings have concluded. Failure to respond in a timely manner will result in the continuation of these habeas proceedings as normal.

Dated: January 31, 2013.

/s/ Lisa Pupo Lenihan

Lisa Pupo Lenihan
Chief United States Magistrate Judge

cc: Steven Mykel Bailey
    GD-2436
    SCI Frackville
    1111 Altamont Boulevard
    Frackville, PA  17931
    *Via U.S. Postal Mail*

    Counsel of Record
    *Via ECF Electronic Mail*